**AMERICAN SELECT INSURANCE
COMPANY
1 NORTH LEROY ROAD
WESTFIELD CENTER, OH 44251**

        **PLAINTIFF**

    **v.**

**STONER ENTERPRISES, INC. D/B/A
ASHBUSTERS CHIMNEY SERVICE
1086 COURIER PLACE
SMYRNA, TN 37167-6209**

        **DEFENDANT**

**CIVIL ACTION NO.:**

**JURY DEMAND
ENDORSED HEREON**

## COMPLAINT

Plaintiff, American Select Insurance Company, by and through its undersigned counsel, hereby demands judgment against Defendant, Stoner Enterprises, Inc. d/b/a Ashbusters Chimney Service, and complains against it as follows:

## PARTIES

1.  American Select Insurance Company ("Plaintiff" or "ASIC") is a commercial entity organized and existing under the laws of the State of Ohio, with its principal place of business located at 1 North Leroy Road, Westfield Center, OH 44251.

2.  At all times relevant hereto, ASIC was duly authorized to engage in the business of (inter alia) property insurance in Tennessee.

3.  At all times relevant hereto, ASIC provided property insurance, *inter alia,* to Nancy Testerman ("Testerman" or "Subrogor") in connection with her property located at 1122 Duncanwood Drive, Nashville, TN 37204 (the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

4.     In the wake of the fire damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), ASIC became subrogated to certain recovery rights and interests of Testerman for monies paid thereunder, including the claims giving rise to the within cause of action.

5.     Upon information and belief, Defendant, Stoner Enterprises, Inc. d/b/a Ashbusters Chimney Service ("Defendant" or "Ashbusters"), is a Tennessee corporation with its principal place of business located at 1086 Courtier Place, Smyrna, TN 37167-6209. Defendant was engaged in the business of, *inter alia,* chimney sweeping and inspections, fireplace installation, fireplace inspections, fireplace repair, masonry, and dryer services and did install the fireplace insert, vent pipe and controls for the fireplace on the covered patio (the "subject fireplace") at the subject property out of which this cause of action arises.

## JURISDICTION

6.     Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; Plaintiff is an Ohio corporation with its principal place of business located at 1 North Leroy Road, Westfield Center, OH 44251 and Defendant, is a Tennessee corporation with its principal place of business located at 1086 Courtier Place, Smyrna, TN 37167-6209. The amount in controversy exceeds $75,000.

7.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8.     Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

9. Ashbusters was a professional fireplace installation, inspection, and repair company retained to install, inspect, and maintain the subject fireplace at the subject property. Ashbusters held itself out as having specialized knowledge concerning such work.

10. Ashbusters installed the subject fireplace during the construction of a screened in porch at the subject property. Subsequent to installing the subject fireplace, but prior to February 1, 2024, Ashbusters performed inspections and maintenance of the subject fireplace.

11. On February 1, 2024, a fire occurred at the subject fireplace due to negligent installation by Ashbusters. Specifically, Ashbusters, did not properly seal the firebox which allowed heat to escape. In addition, Ashbusters installed combustibles in close proximity to the firebox which caused the fire.

12. As a direct and proximate result of the acts and/or omissions of Ashbusters (as are described more fully below), Testerman sustained damage to her property, as well as additional expenses, in excess of $460,000.00; by operation of payments made pursuant to the terms and conditions of the aforementioned insurance policy, Plaintiff became subrogated to the claims asserted in this action.

## COUNT I – NEGLIGENCE

13. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

14. Ashbusters owed Testerman a duty of care to, *inter alia*, monitor, inspect and see that its agents, servants, workmen, employees, and/or chosen subcontractors properly installed, inspected, and maintained the subject fireplace at the subject property.

15. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Ashbusters,

including negligent acts and/or omissions, as performed personally and/or by and through its

agents, employees, servants and/or subcontractors, more specifically described as follows:

(a) failing to exercise reasonable care in the performance of duties in the installation of the subject fireplace at the subject property, including, but not limited to, carelessly and negligently performing the following:

(1) failing to competently install the subject fireplace at the subject property in a safe and appropriate manner;

(2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of the subject fireplace at the subject property; and/or

(3) failing to properly monitor the work of all agents and/or employees during the installation of the subject fireplace to ensure compliance with applicable codes.

(b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks and make recommendations as set forth in subparagraph (a);

(c) failing to adequately warn Testerman of the dangers associated with failing to exercise reasonable care as set forth in subparagraph (a) above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform their duties and tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

(h) failing to exercise reasonable care in the performance of duties in the inspection and maintenance of the subject fireplace at the subject property, including, but not limited to, carelessly and negligently performing the following:

(1) failing to competently inspect and maintain the subject fireplace at the subject property in a safe and appropriate manner;

(2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the inspection and maintenance of the subject fireplace at the subject property; and/or

(3) failing to properly monitor the work of all agents and/or employees during the inspection and maintenance of the subject fireplace to ensure compliance with applicable codes.

(i) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks and make recommendations as set forth in subparagraph (h);

(j) failing to adequately warn Testerman of the dangers associated with failing to exercise reasonable care as set forth in subparagraph (h) above;

(k) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (h) above;

(l) failing to perform their duties and tasks set forth in subparagraph (h) in conformity with prevailing industry and governmental specifications and standards;

(m) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (h) above and/or

(n) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

16. As a direct and proximate result of the aforementioned negligence, Testerman sustained and incurred damage to her real and personal property, as well as the imposition of additional expenses and hardship in an amount in excess of $460,000.00; as described herein, Plaintiff became subrogated to claims related thereto.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $460,000.00, pre- and post-judgment interest, plus costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES

17.     Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

18.     In furtherance of the aforementioned services performed, Ashbusters had expressly and/or impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

19.     Based upon the aforementioned improper conduct on the part of Ashbusters, by and through servants, employees, agents and/or subcontractors as set forth above, Ashbusters breached these warranties.

20.     As a direct and proximate result of such breaches, Testerman sustained and incurred damage to her real and personal property, as well as the imposition of additional expenses and hardship in an amount in excess of $460,000.00; as described herein, Plaintiff became subrogated to claims related thereto.

21.     Testerman and Plaintiff have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $460,000.00, pre- and post-judgment interest, plus costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances

Respectfully submitted, this 29th day of SEPTEMBER, 2025.

BUTLER, VINES AND BABB, PLLC

By:___s:\Edward U. Babb_____
        EDWARD U. BABB, BPR #013707
        2701 Kingston Pike
        Knoxville, TN 37919
        (865) 637-3531-Ofc
        (865) 244-3932-Direct
        (865) 637-3385-Fax
        Email: ebabb@bvblaw.com
        *Attorney for Plaintiff*

## COST BOND

We, the undersigned, acknowledge ourselves as Surety for costs of the clerk adjudged in this matter.

BUTLER, VINES AND BABB, PLLC

By:___s:\Edward U. Babb_____
        Edward U. Babb, Esq.